UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Angela Barber**,
*Plaintiff*

v.  No. 19-cv-746

**Norwalk Housing Authority**,
*Defendant*

## Complaint

This suit challenges the Hobson's choice given to a housing applicant by a Connecticut housing authority, in the form of a mandatory warrantless and suspicionless drug test. It seeks an order restoring plaintiff Angela Barber to the position in which she was–at the top of the defendant's Section 8 wait list–before suffering the deprivation of her Fourth Amendment rights.

### *Jurisdiction and Venue*

1. The United States District Court has subject matter jurisdiction over this dispute by virtue of 28 U.S.C. § 1331, because all of the plaintiff's claims arise under the United States Constitution.

2. Venue lies in this judicial district because all of the events giving rise to the plaintiffs' claims occurred in the District of Connecticut. 28 U.S.C. § 1391(b).

3. Plaintiff Angela Barber is an adult resident of Connecticut.

4. Defendant Norwalk Housing Authority is a municipal housing authority organized pursuant to Conn. Gen. Stat. § 8-40, that has the power to sue and be sued. *Id.* § 8-40(a).

5. At all times relevant to this suit, the defendant was and is a person acting under

1

color of state law for purposes of 42 U.S.C. § 1983.

## *Facts*

6. By the terms of 24 C.F.R. § 791.102, the defendant is a public housing authority that is authorized to administer federal housing programs such as Section 8 rental assistance, and public housing.

7. The Section 8 program is one in which a housing authority pays a portion of a tenant's monthly rent directly to a private landlord on behalf of the tenant.

8. Public housing comprises dwellings owned and maintained by a housing authority, in which tenants reside and for which they pay a greatly reduced rent as compared with market rents.

9. The defendant's Section 8 program did and does have a years-long wait list for prospective tenants, and operates a lottery simply to award a small number of people spots on that wait list.

10. In 2012, the defendant duly adopted a revised Admissions and Continued Occupancy Plan (ACOP) in conformance with the requirements of the United States Department of Housing and Urban Development.

11. That ACOP, which was in effect at all times relevant to this suit, applies both to the defendant's Section 8 rental assistance program and its public housing program.

12. The defendant's ACOP mandated that "[a]ll Norwalk Housing Authority housing applicants who have been offered housing will be required to submit to drug testing."

13. The defendant subsequently abolished its drug testing mandate, but after the constitutional injury of the mandate was visited on Ms. Barber.

14. Ms. Barber is a single mother who applied to the defendant's Section 8 program.

15. After years on the waiting list, Ms. Barber reached the top of the defendant's Section 8 wait list in the spring of 2016.

16. Ms. Barber did and does meet all of the defendant's criteria for Section 8 tenants.

17. However, pursuant to its ACOP, the defendant demanded that Ms. Barber submit to a drug test before it would grant her Section 8 benefits to which she was otherwise entitled.

18. Believing the test to be unconstitutional and invasive, Ms. Barber declined to submit to the drug test.

19. The defendant thereafter notified her that she was "not eligible to receive a Section 8 Housing Choice Voucher because [she] . . . failed to submit to a drug test."

20. The defendant also struck Ms. Barber's name from the Section 8 wait list, which had taken her years to reach the top of, because she declined to submit to the drug test.

21. Ms. Barber did and does want to participate in the defendant's Section 8 program, and did and does meet all of its lawful eligibility requirements.

22. However, when Ms. Barber attempted to get back on the list after being stricken, the defendant notified her that the list was closed and she could not be added to it.

### *Count One: Violation of the Fourth Amendment*

23. By refusing Ms. Barber the housing benefits to which she was otherwise entitled for her unwillingness to waive her right against a warrantless, suspicionless search in the form of a drug test, the defendant violated the Fourth Amendment to the United States Constitution.

### *Count Two: Violation of the Fourth Amendment*

24. By striking Ms. Barber from its Section 8 wait list because she refused to submit to a warrantless, suspicionless search in the form of a drug test, the defendant violated the Fourth Amendment to the United States Constitution.

### *Request for Relief*

25. Accordingly, Ms. Barber is entitled to:
    (a) an injunction restoring her to where she would have been had she not undergone the unconstitutional injury, that is, the top of the defendant's Section 8 wait list;
    (b) damages for having suffered a violation of her Fourth Amendment rights;
    (c) an order mandating the defendant to reimburse her attorney fees and litigation costs, in accordance with 42 U.S.C. § 1988; and
    (d) any other relief that the Court deems fit.
26. Ms. Barber requests a jury trial on any material dispute of fact.

*(signature follows on next page)*

/s/ Dan Barrett
Dan Barrett (# ct29816)
ACLU Foundation of Connecticut
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
(860) 471-8471
e-filings@acluct.org

*Counsel for Angela Barber*

5